# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

Walgreen Co., et al.,
                          Plaintiffs,
              v.
AstraZeneca Pharmaceuticals L.P., et al.,
                          Defendants.

_____

Rite Aid Corporation, et al.,
                          Plaintiffs,
              v.
AstraZeneca Pharmaceuticals L.P., et al.,
                          Defendants.

_____

Louisiana Wholesale Drug Co, Inc., et al.,
                          Plaintiff,
              v.
AstraZeneca Pharmaceuticals L.P., et al.,
                          Defendants.

_____

Burlington Drug Company, Inc., et al.,
                          Plaintiffs,
              v.
AstraZeneca Pharmaceuticals L.P., et al.,
                          Defendants.

_____

Meijer, Inc., et al.,
                          Plaintiffs,
              v.
AstraZeneca Pharmaceuticals L.P., et al.,
                          Defendants.

_____

:
:
:
: Civil Case Number:
: 1:06-cv-02084-RWR
:
:
:
:
:
:
: Civil Case Number:
: 1:06-cv-02089-RWR
:
:
:
:
: Civil Case Number:
: 1:06-cv-02157-RWR
:
:
:
:
:
: Civil Case Number:
: 1:07-cv-00041-RWR
:
:
:
:
:
: Civil Case Number:
: 1:06-cv-02155-RWR
:
:

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR
## LEAVE TO FILE SURREPLY IN OPPOSITION TO MOTION TO DISMISS

July 23, 2007

Plaintiffs have sought leave to file a six-page Surreply in order to respond to six sentences in defendants' Reply that quoted from the Supreme Court's recent decision in *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1967 (2007).  Defendants advised Plaintiffs that they had no objection to a Surreply if it were limited to two pages – which would be more than ample for Plaintiffs to argue that *Twombly's* "discussion of pleading standards in cases arising under section 1 of the Sherman Act has literally nothing to do with this case."  Surreply at 4.

Instead, Plaintiffs hope to sneak into their Surreply an argument about whether Nexium® has clinical benefits compared to Prilosec®.  This argument has nothing to do with *Twombly*, and merely expands upon points made in Plaintiffs' Opposition, depriving defendants of the "last word" that they are entitled to as movants.  Accordingly, if this Court allows Plaintiffs to file the proposed Surreply, Defendants respectfully ask the Court to allow them to file the accompanying three-page Response to Surreply.

Dated:  July 23, 2007

Respectfully submitted,

By:____/s/ Mark E. Haddad____

| | |
|---|---|
| Mark E. Haddad (D.C. Bar No. 442547) | John W. Treece |
| Joshua E. Anderson | David M. Schiffman |
| Alycia A. Degen | SIDLEY AUSTIN LLP |
| SIDLEY AUSTIN LLP | One South Dearborn |
| 555 West Fifth Street | Chicago, IL  60603 |
| Los Angeles, California 90013 | (312) 853-7000 |
| (213) 896-6000 | (312) 853-7036 (fax) |
| (213) 896-6600 (fax) | |

*Attorneys for Defendants*

1

## CERTIFICATE OF SERVICE

I hereby certify that I have this 23rd day of July, 2007, served a true and correct copy of the foregoing on below-listed counsel of record in this proceeding, by electronic means, as well as by United States mail, properly addressed and first class postage prepaid.


_____/S/Mark E. Haddad_____
Mark E. Haddad

**COUNSEL OF RECORD**:

*Counsel for Walgreen Co.*

Robert D.W. Landon III
Richard Alan Arnold
Scott E. Perwin
Lauren C. Ravkind
Kenny Nachwalter P.A.
1100 Miami Center
201 South Biscayne Boulevard
Miami, FL  33131

Linda P. Nussbaum
Kaplan, Fox & Kilsheimer LLP
805 Third Ave.
New York, NY 10022

*Counsel for Rite Aid Corp.*

Robert D.W. Landon III
Kenny Nachwalter P.A.
1100 Miami Center
201 South Biscayne Boulevard
Miami, FL  33131

Steve D. Shadowen
Monica L. Rebuck
Hangley Aronchick Segal & Pudlin
30 North Third Street, Suite 700
Harrisburg, PA  17101-1713

Joseph T. Lukens
Hangley Aronchick Segal & Pudlin
One Logan Square, 27th Floor
Philadelphia, PA 19103-6933

*Counsel for Louisiana Wholesale Drug Co.
and Burlington Drug Company, Inc.*

David U. Fierst (D.C. Bar 912899)
Stein, Mitchell & Mezines LLP
1100 Connecticut Ave, N.W.
Suite 1100
Washington, D.C. 20036

Bruce E. Gerstein
Barry S. Taus
Bret Cebulash
Kevin S. Landau
Elena K. Chan
Anne K. Fornecker
Kimberly Hennings
Garwin Gerstein & Fisher LLP
1501 Broadway
Suite 1416
New York, New York 10011

L. Gregory Odom
Stuart E. Des Roches
Charles F. Zimmer II
Odom & Des Roches LLP
Suite 2020, Poydras Center
650 Poydras Street
New Orleans, LA 70130

David P. Smith
W. Ross Foote
Percy, Smith & Foote LLP
720 Murray Street
P.O. Box 1632
Alexandria, LA  71309

Daniel Berger
David F. Sorensen
Eric L. Cramer
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA  19103

Brent B. Barriere
Phelps Dunbar LLP
365 Canal Street, Ste. 2000
New Orleans, LA  70130

Adam Moskowitz
Kozyak Tropin & Throckmorton
2525 Ponce de Leon Blvd., 9th Floor
Miami, Florida 33134

*Counsel for Meijer, Inc.*

Joseph Vanek
David Germaine
Vanek, Vickers & Masini, P.C.
111 S. Wacker Dr., Ste. 4050
Chicago, IL 60606

Michael Hausfeld
Brian Ratner
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
1100 New York Avenue, N.W.
Washington, D.C. 20005

Robert N. Kaplan
Linda Nussbaum
Susan R. Schwaiger
Kaplan Fox & Kilsheimer LLP
805 Third Avenue
New York, NY 10022

Steig Olson
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
150 E. 52nd St., 30th Fl.
New York, NY 10022

Paul Slater
Sperling & Slater, P.C.
55 W. Monroe Street
Suite 3200
Chicago, IL 60603

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

Walgreen Co., et al.,
                    Plaintiffs,
         v.
AstraZeneca Pharmaceuticals L.P., et al.,
                    Defendants.

:
:
:
:
:
:
:

Civil Case Number:
1:06-cv-02084-RWR

---

Rite Aid Corporation, et al.,
                    Plaintiffs,
         v.
AstraZeneca Pharmaceuticals L.P., et al.,
                    Defendants.

:
:
:
:
:
:
:

Civil Case Number:
1:06-cv-02089-RWR

---

Louisiana Wholesale Drug Co, Inc., et al.,
                    Plaintiff,
          v.
AstraZeneca Pharmaceuticals L.P., et al.,
                    Defendants.

:
:
:
:
:
:
:

Civil Case Number:
1:06-cv-02157-RWR

---

Burlington Drug Company, Inc., et al.,
                    Plaintiffs,
          v.
AstraZeneca Pharmaceuticals L.P., et al.,
                    Defendants.

:
:
:
:
:
:
:

Civil Case Number:
1:07-cv-00041-RWR

---

Meijer, Inc., et al.,
                    Plaintiffs,
          v.
AstraZeneca Pharmaceuticals L.P., et al.,
                    Defendants.

:
:
:
:
:
:
:

Civil Case Number:
1:06-cv-02155-RWR

---

**DEFENDANTS' RESPONSE TO SURREPLY REGARDING
DEFENDANTS' MOTION TO DISMISS**

July 23, 2007

Defendants (collectively, "AstraZeneca") respectfully submit this Response to the Surreply submitted by Plaintiffs in opposition to AstraZeneca's motion to dismiss. The Surreply purportedly addresses the Supreme Court's recent decision in *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1967 (2007).

AstraZeneca cited *Twombly* in its reply brief principally for the Supreme Court's admonition that district judges should examine complaints with care when ruling on motions to dismiss, particularly in antitrust cases. "[T]he costs of modern federal antitrust litigation and the increasing caseload of the federal courts counsel against sending the parties into discovery when there is no reasonable likelihood that the plaintiffs can construct a claim from the events related in the complaint." *Id*. at 1967 (internal quotations omitted). *See* Def. Reply Br. at 2, 24. In addition, AstraZeneca cited *Twombly* in response to Plaintiffs' insistence that a complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Pl. Opp. at 12. That "no set of facts" standard was explicitly repudiated by the Supreme Court. 127 S.Ct. at 1968-69. Plaintiffs do not take issue with either proposition.

Section II of Plaintiffs' Surreply is not about *Twombly* at all, but instead offers a "response" to an argument that AstraZeneca never made – that "Plaintiffs offer mere legal conclusions in support of their allegations that Nexium is not a medical improvement over Prilosec." Surreply at 4. AstraZeneca's argument, however, was not that Plaintiffs offered "mere legal conclusions," but rather that Plaintiffs' general allegations were contradicted by the more specific clinical data in the FDA-approved label. The label showed that in two clinical trials comparing the maximum approved doses of Nexium® and Prilosec® for patients with erosive esophagitis (EE), Nexium provided faster healing of this condition (at the end of 4 weeks) and more complete healing (at the end of 8 weeks), and it brought faster sustained

1

resolution of the heartburn symptoms of EE.  *See* pp. 13-15 of the Nexium Label (attached to both of AstraZeneca's briefs).

In their Opposition, Plaintiffs urged the Court to ignore this clinical data because "*the Complaints repeatedly allege . . . no benefits of any kind to consumers.*"  Pl. Opp. at 6 (emphasis in original).  AstraZeneca replied that under well-established principles of pleading, when a conclusory allegation in a complaint is contradicted by more specific details, the latter are controlling.  *Thomas v. Farley*, 31 F.3d 557, 558 (7th Cir. 1994); *Asa Accugrade, Inc. v. American Numismatic Ass'n*, 370 F. Supp. 2d 213, 218 (D.D.C. 2005) (allegation of monopoly power was "undermined by the facts alleged").

In their Sur-Reply, Plaintiffs assert that their Complaints contain "specific factual allegations that '**Nexium is not superior to [Prilosec].**'"  Surreply at 4 (Plaintiffs' emphasis).  But this is not a "specific" allegation.  AstraZeneca did not argue that Nexium is "superior" across-the-board for *all* patients with *all* conditions.  Rather, AstraZeneca cited the clinical results in the FDA-approved label pertaining to specific patients (those with EE) and specific outcomes for specific conditions.  Plaintiffs also assert that an FDA employee concluded that the "superiority of NEXIUM over [Prilosec] was not demonstrated."  *Id.*  Under the law, however, it is the FDA-approved label that is controlling, not the (alleged) opinion of an FDA employee, expressed in the course of discussions about the label and before any final decision.  Plaintiffs have never denied the showings made in AstraZeneca's opening brief (1) that the Court may take judicial notice of the label when ruling on a motion to dismiss, and (2) that an approved label "communicates the conclusions of FDA review of the data" in the application for the drug and reflects specific authorization to market the drug "consistent[ly] with its approved labeling."  FDA, *Professional Product Labeling*, 60 Fed. Reg. at 52,196 (Oct. 5, 1995).  See pp. 8 n.2 and 38 of AstraZeneca's opening brief.

2

In sum, when ruling on the complaints, this Court is not bound by Plaintiffs' conclusory allegation that Nexium is not "superior" to Prilosec. Instead, the Court may rely on the more specific clinical data presented in the FDA-approved label, which identifies the therapeutic benefits of Nexium to patients with specific conditions.

Dated: July 23, 2007                          Respectfully submitted,

                                              By:____/s/ Mark E. Haddad____

Mark E. Haddad (D.C. Bar No. 442547)          John W. Treece
Joshua E. Anderson                            David M. Schiffman
Alycia A. Degen                               SIDLEY AUSTIN LLP
SIDLEY AUSTIN LLP                             One South Dearborn
555 West Fifth Street                         Chicago, IL 60603
Los Angeles, California 90013                 (312) 853-7000
(213) 896-6000                                (312) 853-7036 (fax)
(213) 896-6600 (fax)
                                              *Attorneys for Defendants*